# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

| | |
|---|---|
| BOBBY OLLES, | ) |
|     Petitioner, | ) <br> )    **Case No. 2:11-CV-00109 JTK** |
| v. | ) |
| T C OUTLAW, Warden, FCI-Forrest City | ) |
|     Respondent. | ) |

## ORDER REQUESTING ADDITIONAL BRIEFING

BEFORE THE COURT is the Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Petitioner Bobby Olles on June 16, 2011. The parties have consented to the jurisdiction of a Magistrate Judge (Doc. No. 37), and the action is ready for decision.

Petitioner contends that he was incorrectly denied federal custody credit for 483 days that he spent in state custody because he was erroneously being held by the state. However, Petitioner was recently released on March 6, 2012.

Although his release does not render the action moot based on custodial requirements,[1] it does appear that there is no longer any case or controversy under Article III, § 2 of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that mootness is not an issue if a petitioner was "in custody" at the time the petition was filed). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Cont'l Bank Corp.,* 494 **U.S**. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" *Id.* (citing *Allen v. Wright,* 468 U.S. 737,

---

[1] Petitioner appears to recognize that his release was likely fatal to his claims. *See* Motion for Hearing, Doc. No. 35; Motion to Stay Proceedings, Doc. No. 36.

2

750-51 (1984)).

In *United States v. Johnson*, the Supreme Court held that a prisoner's period of supervised release cannot be offset by the extra time that the prisoner spent in prison erroneously. 529 U.S. 53 (2000). Although *Johnson* was primarily based upon a textual reading of 18 U.S.C. § 3624(e), the Court also noted that supervised release is imposed distinctly from imprisonment and it "fulfills rehabilitative ends, distinct from those served by incarceration." *Id.* at 59. Accordingly, the current action should be dismissed because there does not appear to be any relief available under the petition. If Petitioner believes that this assessment is incorrect, he must file a brief explaining why **by May 21, 2012**.

SO ORDERED this 7th day of May, 2012.

_____
United States Magistrate Judge